NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MATHIVANNAN MARKANDU,              )
                                   )
            Plaintiff,             )
                                   )    Civil Action No.: 07-4538 (JLL)
      v.                           )
                                   )    **OPINION**
JOHN THOMPSON, EMILIO              )
GONZALEZ, MICHAEL CHERTOFF,        )
and ROBERT S. MUELLER III,         )
                                   )
            Defendants.            )
---

**LINARES, District Judge.**

The instant matter comes before the Court on the December 19, 2007, motion [CM/ECF #8] of Defendants John Thompson, Emilio Gonzalez, Michael Chertoff, and Robert S. Mueller III ("Defendants") to dismiss the Complaint of Mathivannan Markandu ("Plaintiff" or "Markandu"). For the reasons set forth herein, Defendants' motion for to dismiss is granted.

INTRODUCTION

Markandu, a citizen of Sri Lanka currently residing in Newark, New Jersey, as a political asylee, filed his Complaint in this Court on September 21, 2007. (Compl. ¶ 1; Pl. Opp. Br. at 5.) The Complaint is silent on how and when Markandu entered the United States, but it does set forth the recent history of his contact with the immigration authorities. Markandu applied for permanent residency on April 6, 2001; he received a notice to "have his biometrics taken" on July 14, 2005; he was informed by letter that his application was delayed due to an additional

1

review requirement on August 2, 2006; he was informed that a background investigation was delaying his application on February 8, 2007; he received a second notice for a biometrics appointment on April 27, 2007; and finally, Markandu was again informed that his application was "pending a background investigation" via a letter dated July 16, 2007. (Compl. ¶¶ 9-14.) The U.S. Citizenship and Immigration Services (the "USCIS") sent Markandu an "intent to deny" letter regarding his application on November 6, 2007, and Markandu opposed the proposed action of the USCIS on November 30, 2007, within the 33-day limitations period specified in the letter. (Pl. Opp. Br. at 3.) The USCIS letter stated that the reason Markandu's application would be denied was:

> You stated on your I-589, Application for Asylum, that the Liberation Tigers of Tamil Eelam (LTTE) forced you to drive a vehicle for them. Intermittently from 1990 to 1995 you transported items from one camp to another for the LTTE.
> The [LTTE] have been designated by the Secretary of State as a Foreign Terrorist Organization and meet the definition of a terrorist organization as described in INA section 212(a)(3)(B)(vi)(I). The material support you gave to this organization makes you inadmissible under INA section 212(a)(3)(B)(i)(I) and USCIS intends to deny your application for adjustment of status for this reason.

(CM/ECF # 8-3 at 2.)

Markandu's Complaint seeks to have this Court compel adjudication of his "application to adjust status as permanent resident," to award attorneys' fees and costs, and to provide any other relief as appropriate. (Compl. at 5.)

## DISCUSSION

Defendants move to dismiss Markandu's Complaint on a single ground, that of mootness. (Def. Notice of Motion at 1-2.) In support of their motion, Defendants supply their mootness

2

argument, a declaration of counsel, and a copy of the U.S. Citizenship and Immigration Services ("USCIS") letter sent to Markandu announcing the agency's intent to deny his application. Plaintiff responds in his opposition brief that his request for relief in this case could become "moot only once the application has been actually and finally granted or denied." (Pl. Opp. Br. at 5.)

This Court construes Defendants' motion as one to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007). On such a motion, this Court takes the allegations in the complaint as true and examines the facts in the light most favorable to the non-moving party. Ballentine, 486 F.3d at 810. This Court has before it the Complaint, the attachments thereto, and the USCIS intent to deny letter sent to Markandu on November 6, 2007. (CM/ECF # 8-3 at 2.) "In determining its jurisdiction . . . it is incumbent upon the district court to examine the entire record before it." International Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc., 673 F.2d 700, 710 (3d Cir. 1982). "If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." McCann v. Newman Irrevocable Trust, 458 F.3d 281, 290 (3d Cir. 2006). Neither party disputes that the letter is part of the record for review on this motion, and there is no disputed issue of material fact.

In determining whether an issue is moot, "[t]he starting point for analysis is the familiar proposition that federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (internal quotation omitted). A justiciable case or controversy requires a "live" issue, presenting "a real

and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Old Bridge Owners Co-op. Corp. v. Township of Old Bridge, 246 F.3d 310, 314 (3d Cir. 2001). A finding of mootness is appropriate when a court can offer no meaningful relief due to a change in the circumstances of the litigation. Surrick v. Killon, 449 F.3d 520, 526 (3d Cir. 2006).

Plaintiff argues that in the immigration and residency status context, a case is "live" until an application is "actually and finally granted or denied." (Pl. Opp. Br. at 5.) The cases cited for this proposition, however, are inopposite to the factual circumstances of this case and therefore distinguishable. Perry v. Gonzalez, a recent case from this District, held that when the USCIS had jurisdiction to grant naturalization, a grant of naturalization by the USCIS would render any claim in District Court seeking adjudication of the underlying application for naturalization moot. 472 F. Supp 2d 623, 630 (D.N.J. Feb. 1, 2007). Perry, however, fails to address the issue of mootness prior to a final determination by the USCIS. Another, though older, case from this District cited by Plaintiff is Angelis v. Bouchard. 181 F. Supp. 551 (D.N.J. Feb. 29, 1960). Angelis does not address the issue of mootness, but rather turns on whether or not a district judge could substitute his own discretion for that of a delegate of the Attorney General. 181 F. Supp. 556-57. Similarly, Ayanbadejo v. Chertoff does not address the issue of mootness; in that case, the Southern District of Texas addressed the issue of whether the REAL ID Act divested the district court of jurisdiction to hear the plaintiffs' claims. 462 F. Supp 2d 736, 741-44 (S.D. Tex. Sept. 21, 2006) overruled in part, 517 F.3d 273 (5th Cir. 2008). Finally, Plaintiff refers to Lawal v. United States INS to support his case. 94-4606, 1996 U.S. Dist. LEXIS 9585, at *4, *16

(S.D.N.Y. July 10, 1996).  Though Lawal does state, as Plaintiff contends, that an application for adjustment of status is moot when adjudicated, the case does not address the issue of when a matter before th USCIS is considered to be adjudicated.  94-4606, 1996 U.S. Dist. LEXIS 9585, at *16.

Federal courts have found that claims are moot or unripe in immigration mandamus actions to compel action by an agency once the agency begins to spin its bureaucratic cogs toward decision.  Kaur v. Mukasey, 2008 WL 1696693, at *2 (W.D. Wash. Apr. 9, 2008) (finding request for mandamus on an application for permanent residency moot after initiation of agency action); Ordonez-Garay v. Chertoff, 2007 WL 2904226, at *4 (E.D. Cal. Oct. 3, 2007) (deciding naturalization mandamus issue on ripeness, noting that "[a]n action fails on ripeness grounds when the complaint seeks to address contingent future events that may not occur as anticipated, or indeed may not occur at all."); Ariwodo v. Hudson, 2006 WL 2729386, at *3 (S.D. Tex. Sept. 25, 2006) (finding immigration mandamus claim moot after issuance of an intent to deny letter).  This Court finds the logic of the Ariwodo court particularly persuasive.  In Ariwodo, the court found that an intent to deny letter issued by the USCIS is an adjudication on the merits.  2006 WL 2729386, at *3.  While such an adjudication can be contested through further administrative procedures—as Markandu has indeed done—it certainly amounts to a decision reached by the USCIS, rendering a mandamus action moot.  In the instant matter, the USCIS has adjudicated Markandu's application and communicated this through its intent to deny letter.  (CM/ECF # 8-3 at 2.)  This Court, therefore, finds that it can grant no further meaningful relief, and that the entire case is moot.  Surrick, 449 F.3d at 526.

**CONCLUSION**

For the forgoing reasons, this Court grants Defendants' motion to dismiss this case as moot. An appropriate Order accompanies this Opinion.


DATED: June 10, 2008                                  /s/ Jose L. Linares
                                                      United States District Judge